IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE, | : | |
| COMPANY OF AMERICA | : | Case No. 4:06-CV-2020 |
|     Plaintiff | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| ROBERT L. HOVIS, DAVID R. | : | |
| POTTER, and DENISE GERSKI, | : | |
| | : | |
|     Defendants. | : | |

**O R D E R**

October 23, 2007

**BACKGROUND:**

On July 17, 2006, plaintiff, The Prudential Insurance Company of America, commenced this action with the filing of a complaint in the Eastern District of Pennsylvania against defendants Robert L. Hovis, David R. Potter, and Denise Gerski. On October 16, 2006, the case was transferred to the Middle District of Pennsylvania.

In its complaint, plaintiff alleges that the insured, Bonnie Shall, purchased a term life insurance policy from plaintiff in February of 2003. (Compl., Rec. Doc. No. 1-2, ¶ 7.) The policy was purchased from defendant Hovis, an insurance agent of plaintiff. (Id. ¶ 7.) The insured designated her son, defendant Potter, as the

primary beneficiary and her daughter, defendant Gerski, as a contingent beneficiary. (Id. ¶ 8.) On January 23, 2006, while terminally ill, Shall changed her policy to name defendant Hovis as the primary beneficiary. (Id. ¶¶ 10-11.). On February 23, 2006, Shall died of lung cancer. (Id. ¶ 12.) Now, defendants Hovis and Potter have filed competing claims for the proceeds of the insurance policy and plaintiff has instituted this action to determine who is the appropriate beneficiary under the policy.

On November 9, 2006, defendant Hovis filed an answer and a counterclaim seeking a declaratory judgment (Count I) against all parties which declares him the sole beneficiary of the insurance policy. (Rec. Doc. No. 4.) Hovis also brought counterclaims against plaintiff for breach of contract (Count II), negligence (Count III), breach of fiduciary duty (Count IV), bad faith (Count V), and unfair trade practices (Count VI). (Id.)

On November 22, 2006, defendants Potter and Gerski filed an answer and a counterclaim against plaintiff and a cross-claim against defendant Hovis seeking a declaratory judgment declaring them to be the beneficiaries of the insurance policy. (Rec. Doc. No. 14.)

On September 18, 2007, plaintiff filed a motion for summary judgment. (Rec. Doc. No. 54.) On October 8, 2007, defendant Hovis filed an opposition brief

(Rec. Doc. No. 57) and defendants Potter and Gerski filed an opposition brief (Rec. Doc. No. 58.)  Now, for the following reasons, the court will grant in part and deny in part the motion.  We will dismiss plaintiff's interpleader complaint, defendant Hovis' declaratory judgment counterclaim, and defendants Potter and Gerski's declaratory judgment counterclaim and cross-claim as moot and deny plaintiff's motion for summary judgment with respect to these claims.  Furthermore, we will grant plaintiff's motion for summary judgment with respect to defendant Hovis' remaining counterclaims.

**DISCUSSION:**

### I.  Legal Standard

A district court may properly grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit.  Id.; Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521

(3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted). To meet this burden when the moving party does not bear the burden of persuasion at trial, the moving party must show that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). More simply put, a party moving for summary judgment who does not bear the burden of persuasion at trial is not required to negate the nonmovant's claim, but must only point out a lack of evidence sufficient to support the nonmovant's claim. Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1991).

To the contrary, when the moving party bears the burden of persuasion at trial, it must point to evidence in the record that supports its version of all material facts and demonstrate an absence of a genuine issue of material facts. National State Bank v. Federal Reserve Bank, 979 F.2d 1579, 1582 (3d Cir. 1992). If the

moving party does not meet this burden, the court must deny summary judgment even if the nonmoving party does not produce any opposing evidence.  Id.

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that an issue of material fact remains.  Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather the party must point to specific evidence in the record that creates a genuine issue as to a material fact.  Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

## II.  Analysis

A.  Plaintiff's Interpleader and the Declaratory Judgment Counterclaims

Plaintiff argues that it is entitled to summary judgment on its interpleader claim because there are competing claims to the proceeds of Shall's life insurance policy and because it is willing to deposit the proceeds of the policy with the court. (Rec. Doc. No. 54, at 24-25.)  Defendant Hovis states in his opposition brief that he and defendants Potter and Gerski have reached an agreement settling their competing claims.  (Rec. Doc. No. 57, at 15.)  Still, he argues that although the interpleader claim is now moot, plaintiff is not entitled to judgment in its favor on

this claim. (Id. at 15-17.) Defendants Potter and Gerski also state that an agreement has been reached and oppose plaintiff's motion only because they believe that plaintiff should transfer the policy proceeds directly to defendants in the manner agreed to in the settlement agreement. (Rec. Doc. No. 58, at 2.) Because we believe that the settlement agreement between the two parties has rendered plaintiff's interpleader complaint and the declaratory judgment counterclaims and cross-claim moot, we will dismiss the interpleader complaint and the declaratory judgment counterclaims and cross-claim and direct plaintiff to pay the proceeds of Shall's life insurance policy including accrued interest to defendants in accordance with their settlement agreement. Because these claims have been rendered moot, we will deny plaintiff's motion for summary judgment with respect to these claims.

B.  Hovis' Counterclaims

As already stated, defendant Hovis has brought counterclaims against plaintiff for breach of contract (Count II), negligence (Count III), breach of fiduciary duty (Count IV), bad faith (Count V), and unfair trade practices (Count VI). (Rec. Doc. No. 4.) We believe that summary judgment is appropriate with respect to each of these claims due to the nature of an interpleader complaint.

In its complaint, plaintiff invoked Rule 22 of the Federal Rules of Civil

Procedure, which permits a party holding property to join in a single suit two or more parties asserting claims to that property.  <u>NYLife Distributors, Inc. v. Adherence Group, Inc.,</u> 72 F.3d 371, 373 n. 1 (3d Cir. 1995).  The idea behind the interpleader action is that the party holding the property is able to avoid multiple liability.  <u>Aetna, Inc. v. Jones</u>, Civ No. 06-2245, 2007 WL 266423 at * 2 (E.D.Pa. Jan. 24, 2007) (Joyner, J.) (citations omitted).  Of course, if the purpose of the interpleader is to avoid multiple liability, this purpose is rendered nearly useless if one of the parties joined in the interpleader is able to bring various counterclaims based on the failure to pay the very funds in question.

In <u>Commerce Funding Corp. v. Southern Financial Bank</u>, a district court in the Eastern District of Virginia faced this exact quandary.  80 F. Supp. 582, 585 (E.D.Va 1999)  The court noted that although there may be a factual dispute as to the rightful owner of the proceeds, this does not preclude a grant of summary judgment on a breach of contract counterclaim because the purpose of an interpleader action would be defeated if defendants were permitted to proceed with counterclaims against the plaintiff based on the same interpleader funds.  <u>Id.</u>  Still, the court noted that if one of the competing claims was totally void of merit, such a counterclaim might be appropriate.  <u>Id.</u>   In other words, there must be legitimate competing claims before a plaintiff is afforded this protection against

counterclaims.  Id.  We believe that the reasoning employed by the district court in Commerce Funding is sound, because by bringing an interpleader action, the plaintiff is attempting to ensure that the funds in question go to the appropriate party and that it does not commit a breach of contract.

The instant case presents the perfect utilization of an interpleader.  Plaintiff was presented with competing claims for the life insurance proceeds of Shall.  Defendant Potter had been the primary beneficiary and defendant Gerski had been the contingent beneficiary when the policy was first purchased.  Then, just before the death of Shall and while she was terminally ill, she allegedly attempted to change the beneficiary to defendant Hovis, the agent of plaintiff from whom Shall had originally purchased the policy.  Because plaintiff questioned the change in beneficiary and was unable to further investigate Shall's intentions due to her death, plaintiff brought the instant interpleader action.

Therefore, we believe that plaintiff has satisfied the threshold requirement that the competing claims both have some merit and that the interpleader action was appropriately brought.  The only remaining question is whether this entitles plaintiff to summary judgment on all of defendant Hovis' counterclaims.  We believe that it does.  This is because each counterclaim stems from plaintiff's failure to pay defendant Hovis the proceeds of the life insurance policy.  We are

quite certain that if plaintiff had immediately paid defendant Hovis the proceeds of Shall's life insurance policy, defendant Hovis would not have brought an action against plaintiff based on any of the causes of action that were counterclaimed in the instant case.  Therefore, we will grant plaintiff's motion for summary judgment to the extent it seeks dismissal of defendant Hovis' counterclaims for breach of contract, negligence, breach of fiduciary duty, bad faith, and unfair trade practices.

**CONCLUSION:**

Because the settlement agreement between defendants has rendered plaintiff's interpleader complaint and all declaratory judgment counterclaims and cross-claims moot, we will dismiss the interpleader complaint and declaratory judgment counterclaims and cross claims and deny plaintiff's motion for summary judgment with respect to these claims.  With respect to defendant Hovis' remaining counterclaims, we will grant plaintiff's motion for summary judgment with respect to these claims and dismiss them for failure to state a claim.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for summary judgment is granted in part and denied in part.  (Rec. Doc. No. 55.)

2. Plaintiff's interpleader complaint, defendant Hovis' counterclaim seeking declaratory judgment, and defendants Potter and Gerski's counterclaim and cross-claim seeking declaratory judgment, are all dismissed as moot, in light of defendants' settlement agreement.

3. Defendant Hovis' counterclaims for breach of contract, negligence, breach of fiduciary duty, bad faith, and unfair trade practices are dismissed for failure to state a claim.

4. Plaintiff is ordered to pay the proceeds of the life insurance policy including accrued interest to defendants in the manner set forth in the defendants' settlement agreement, within twenty (20) days.

5. The clerk is directed to close the case file.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge